# IN THE UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

m 00-20875

_____

MARK BERGER, ETC., ET AL.,

Plaintiffs,

MARK BERGER,
ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,

Plaintiff-Appellee,

VERSUS

COMPAQ COMPUTER CORPORATION, ET AL.,

Defendants,

COMPAQ COMPUTER CORPORATION; ECKHARD PFEIFFER; EARL L. MASON;
JOHN T. ROSE; JOHN W. WHITE; ROBERT W. STEARNS; MICHAEL WINKLER;
THOMAS J. PERKINS; J. DAVID CABELLO; MICHAEL HEIL; GREGORY E. PETSCH;
KENNETH L. LAY; BENJAMIN ROSEN; AND RODNEY SCHROCK,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

January 14, 2002

Before SMITH, DUHÉ, and WIENER,
    Circuit Judges.

PER CURIAM:

Treating the petition for rehearing en banc as a petition for panel rehearing, the petition for panel rehearing is DENIED. No member of the panel or judge in regular active service having requested that the court be polled on rehearing en banc, *see* FED. R. APP. P. 35; 5TH CIR. R. 35, the petition for rehearing en banc is DENIED.

In support of their petition for rehearing, plaintiffs urge that we have created an additional, independent requirement for the adequacy standard for class certification under Federal Rule of Civil Procedure 23 by reading the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA") into rule 23(a)(4).

This we have not done, nor have we changed the law of this circuit regarding the standard for conducting a rule 23(a)(4) adequacy inquiry. Rather, we mean to emphasize that Congress enacted the "lead plaintiff" provisions of the PSLRA, 15 U.S.C. § 78u-4(a)-(3)(B), to direct courts to appoint, as lead plaintiff, the most sophisticated investor available and willing so to serve in a putative securities class action. Insofar as possible following the procedure prescribed by § 78u-4(a)(3)(B), the lead plaintiff should be an investor capable of understanding and controlling the litigation. We have not, however, created an additional requirement under rule 23(a)(4) that, after completing the process of selecting the lead plaintiff and lead counsel, a court may grant class certification only if the putative class representative possesses a certain level of experience, expertise, wealth or intellect, or a level of knowledge and understanding of the issues, beyond that required by our long-established standards for rule 23 adequacy of class representatives.